UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

                                              Chapter 7

Theodore P. Stanley a/k/a Paul Stanley and
Sandra Stanley a/k/a Sandra Saenz,

                                              Case No.: 10-77549-478

                    Debtors.
---------------------------------------------------------x

# MEMORANDUM DECISION AND ORDER

*Appearances:*

Allan B. Mendelsohn, LLP
*Attorneys for the Chapter 7 Trustee*
By: Allen B. Mendelsohn, Esq.
38 New Street
Huntington, New York 11743

Ernest E. Ranalli, Esq.
*Attorney for Debtor Sandra Stanley*
742 Veterans Memorial Highway
Hauppauge, New York 11788

Andrew Wolk, Esq.
*Attorney for Debtor Theodore P. Stanley*
3900 Veterans Memorial Highway
Suite 120
Bohemia, New York 11706

Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is the objection of the chapter 7 Trustee to one of the Debtor's claim to a homestead exemption in real property known as 3540 82nd Street, Apartment #5A, Jackson Heights, New York. The Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b). This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O) and 11 U.S.C. § 522, Rule 4003(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), New York Debtor and Creditor Law § 282 and New York Civil Practice Law and Rules § 5206. The following constitutes the Court's finding of fact and conclusions of law as mandated by Bankruptcy Rule 7052.

## FACTS

Debtors filed for chapter 7 bankruptcy relief on Sunday, September 26, 2010 (the "Petition Date"). The Debtors were separated at the time of the petition filing and are parents to two young children ages 7 and 8. The Debtor Theodore P. Stanley ("Theodore") listed an address in Patchogue, New York on the bankruptcy petition which is located in Suffolk County on Long Island. Debtor Sandra Stanley ("Sandra") listed her address as 3540 82nd Street, Apartment #5A, Jackson Heights, New York which is located in Queens County in New York City (the "Jackson Heights Property"). The Debtors' Statement of Social Security Numbers provides a single address for both Debtors of 96 Chestnut Street, Mt. Sinai, New York (the "Mt. Sinai Property") which is located in Suffolk County on Long Island. However, the Statement of Social Security Numbers is dated August 16, 2010 while the Debtors' bankruptcy petition listing the separate addresses of the Debtors is dated as of the Petition Date. Thus, it appears that the Statement of Social Security Numbers was prepared more than a month prior to the Debtors' bankruptcy filing and was not amended to reflect the change in the Debtors' addresses.

1

The Debtors' Schedule A to the bankruptcy petition lists joint ownership, *inter alia*, in the Jackson Heights Property and in the Mt. Sinai Property. The distance between the Mt. Sinai Property and the Jackson Heights Property is approximately 50 miles. The Mt. Sinai Property has mortgage debt in excess of the value of the property. The mortgagee has previously obtained relief from the automatic stay from this Court to continue with its foreclosure proceeding pending in state court.

Schedules A and D also show that the Jackson Heights Property has approximately $52,000 in equity as of the petition date. Sandra has claimed a $50,000 homestead exemption with respect to the Jackson Heights Property on the Debtors' Schedule C.

The initial meeting of creditors under 11 U.S.C. Section 341 was scheduled to be held on October 21, 2010. The meeting of creditors has been continued to various subsequent dates and has not been concluded.

On February 20, 2011, counsel for the chapter 7 Trustee (the "Trustee") filed a motion objecting to Sandra's claim of a homestead exemption in the Jackson Heights Property (the "Motion"). The Trustee asserts that Sandra did not reside at the Jackson Heights Property on the Petition Date but at the Mt. Sinai Property and thus she is not entitled to claim a homestead exemption. The Trustee notes that Sandra's driver's license listed the Mt. Sinai Property as her residence and Sandra did not get a new driver's license with the Jackson Heights Property until November 8, 2010, which was after the Petition Date.

Sandra opposed the Trustee's Motion on the grounds that she signed the bankruptcy petition under penalties of perjury that her address was the Jackson Heights Property, that she moved to the Jackson Heights Property in anticipation of the bankruptcy filing, and that there is

a presumption that the Jackson Heights Property was her principal residence on the Petition Date until proven otherwise.

At the evidentiary hearing held on March 29, 2011, Sandra testified that the Debtors have owned the Jackson Heights Property for six to seven years. The Jackson Heights Property is a one bedroom cooperative apartment which was converted to a two bedroom by placing a temporary, dividing wall in the living room. Her mother and adult son, aged 23, lives at the Jackson Heights Property. Sandra stated that she moved to the Jackson Heights Property in the middle of August of 2010 upon advice of bankruptcy counsel in order to claim the $50,000 homestead exemption. However, she neglected to change the address on her driver's license until after the Petition Date.

Sandra testified that she is not registered to vote. The Debtors' tax returns prior to 2010 listed the Mt. Sinai address but there is no tax return submitted as evidence for the 2010 tax year.

Sandra has been a homemaker for 10 years and does not work. She receives child support and maintenance from Theodore. Sandra makes the mortgage payments on the Jackson Heights Property from her income while her mother pays the maintenance fees. Sandra stated that prior to her move to Jackson Heights, her mother would pay rent for living at the Jackson Heights Property and the rent money would be used to pay the mortgage on such property. Sandra's adult son and her mother provided affidavits that Sandra resided at the Jackson Heights Property on the petition date but they did not testify at the evidentiary hearing nor were they cross-examined as to the veracity of their statements in the affidavits.

There was no testimony as to where the Debtors' school-aged children reside. They do not reside at the Jackson Heights Property on a regular basis. The children are not registered to

attend school in New York City. Theodore testified that although he and his wife have joint legal custody of their children, Sandra has residential custody. Theodore had a visitation schedule where he would take the children. Sandra testified that the children would spend about equal time with each parent. She testified that the children have been attending school in Mt. Sinai because the Mt. Sinai School District is better than the schools in Queens County. Although the Mt. Sinai Property is the subject of a foreclosure proceeding, Sandra stated that it is her belief that her children can continue to attend the school in Mt. Sinai for as long as she still owns the Mt. Sinai Property. Theodore testified that whenever he was responsible for picking up the children, he would pick them up at the Mt. Sinai Property, at the Mt. Sinai school or the children would be dropped off at his home in Patchogue. Often, he would drop the children off either at the Mt. Sinai Property or at the school on a Monday morning or Tuesday night. Theodore never picked up or dropped off the children at the Jackson Heights Property. Theodore testified that Sandra resided at the Jackson Heights Property on the Petition Date but he could not testify as to the percentage of time she spent at the Jackson Heights Property and the percentage of time spent at the Mt. Sinai Property because they were separated.

In addition, the Debtors are parties to a Separation Agreement dated April 8, 2010 (the "Separation Agreement") which provides in Article IV that because there is a foreclosure action pending against the Mt. Sinai Property, the Debtors agree that neither shall retain the property and, to the extent possible, place the Mt. Sinai Property on the market for sale and have it sold as expeditiously as reasonably possible. However, pending the sale or other transfer of the Mt. Sinai Property, for a period of 6 months after the Separation Agreement, the Debtors agreed to maintain separate residences at the Mt. Sinai Property. If the Mt. Sinai Property was sold or

transferred by foreclosure sale, short sale or otherwise, the Debtors would not be bound by the residency requirement. The 6-month period would have ended sometime in October of 2010 which is after the Petition Date. As of the date of the evidentiary hearing, the foreclosure action had not been concluded.

In addition, while Theodore's name was on the deed to the Jackson Heights Property and Theodore and Sandra's mother are cosignatories on the mortgage on that property, Theodore agreed that he was named a titleholder as a matter of convenience and that he does not have a beneficial interest in the Jackson Heights Property. Accordingly, Theodore agreed to relinquish all rights to ownership, use and occupancy of the Jackson Heights Property and Sandra agreed to extinguish Theodore's obligations under the mortgage on that property.

## DISCUSSION

Pursuant to Federal Rules of Bankruptcy Procedure 4003(b), a party in interest may object to a claimed exemption within 30 days after the meeting of creditors held under section 341(a) is concluded. Fed. R. Bankr. P. 4003(b)(1). In this case, the meeting of creditors has not been concluded. Accordingly, the Motion is timely made before the Court.

Section 522(b)(2) of the Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate to the extent permitted by state law. 11 U.S.C. § 522(b). Pursuant to N.Y. C.P.L.R. 5206(a) in effect on the Petition Date, real property

> not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof. . . .

N.Y. C.P.L.R. 5206 (Consol. 2010). The statute does not define what constitutes occupancy and "principal residence". 'The courts have consistently construed them, however, in light of the

statute's purpose to "protect a debtor-homeowner and his immediate family from losing their family dwelling because of economic adversity." *In re Bace*, 364 B.R. 166, 181-82 (Bankr. S.D.N.Y. 2007), *rev'd on other grounds*, 2008 U.S. Dist. LEXIS 23003 (S.D.N.Y. March 25, 2008)(quoting In re Miller, 203 B.R. 65, 67 (Bankr. N.D.N.Y. 1989).

A homeowner may have only one principal residence. *In re Miller*, 203, B.R. at 68. For purposes of establishing that the residence constitutes a principal residence for purposes of the homestead exemption, there must be (1) "actual physical occupancy of the residence on a regular basis", meaning that the residence is "occupied by the debtor on a more regular basis than any other residence", and (2) "intent to reside there permanently". *In re Scott*, 233 B.R. 32, 40 (Bankr. N.D.N.Y. 1998). See also *In re Bace,* 364 B.R. at 182, *In re Moulterie*, 398 B.R. 501, 505 (Bankr. E.D.N.Y. 2008).

Pursuant to Bankruptcy Rule 4003(c), the Trustee has the burden of proving by a preponderance of the evidence that the homestead exemption was not properly claimed. Fed. R. Bankr. P. 4003(c). *In re Bace*, 364 B.R. at 181.

In this case, it appears that as of the Petition Date Sandra has two residences – the Jackson Heights Property and the Mt. Sinai Property. There appears to be no dispute that Sandra was physically at the Jackson Heights Property on the Petition Date. In determining whether the Jackson Heights Property constitutes Sandra's principal residence, the Court must determine whether Sandra was occupying the Jackson Heights Property on a regular basis and whether she had the intent to reside there permanently.

Around the Petition Date and for the period afterwards, Sandra appears to have resided both at the Jackson Heights Property and the Mt. Sinai Property. Because the Debtors' young

children still attend school in the Mt. Sinai School District and Sandra has previously testified that aside from herself, only her mother and her adult son reside at the Jackson Heights Property, the only conclusion the Court can make is that the children actually reside at the Patchogue address with their father for part of the time and at the Mt. Sinai Property with Sandra for the remainder of the time during the school year. Accordingly, the Jackson Heights Property was not Sandra's only residence during the period in question and she spent part of her time living at the Mt. Sinai Property. However, there is no evidence showing which of the two properties Sandra actually occupied on a more regular basis. Accordingly, the Court cannot hold that Sandra occupied the Mt. Sinai Property on a regular basis as opposed to the Jackson Heights Property.

The Court now turns to the issue of whether Sandra intended to reside at the Jackson Heights Property permanently. While Debtors agreed to maintain separate residences at the Mt. Sinai Property for a period of 6 months from April 2010 under the Separation Agreement, there is no requirement that the Debtors must maintain the Mt. Sinai Property as their only residence or their principal place of residence during that period. There is no provision in the Separation Agreement that provides any penalties if one of the Debtors leaves the Mt. Sinai Property prior to the 6-month period. Accordingly, the Separation Agreement does not provide any probative weight as to whether the Mt. Sinai Property was Sandra's principal residence as opposed to the Jackson Heights Property.

There is evidence, however, to show that Sandra intended to make the Jackson Heights her permanent residence. First, the Mt. Sinai Property has been, and continues to be, the subject of a foreclosure action and pursuant to the Separation Agreement the Debtors agreed that neither

shall retain the Mt. Sinai Property and to place the property on the market for sale. It is clear that Sandra has no intention of making the Mt. Sinai Property her permanent residence during the bankruptcy proceedings under such circumstances. Sandra's intention was to reside at the Mt. Sinai Property part of the time on a temporary basis while her children are attending the Mt. Sinai school until she must vacate the premises as a result of a sale or conclusion of the foreclosure action. As of the Petition Date, her intention was to reside at the Jackson Heights Property on a part-time basis until her children would no longer be able to attend school in Mt. Sinai. From the evidence, it appears that her intention is to permanently reside at the Jackson Heights Property, even if she spends some time in Mt. Sinai, as she has an existing ownership interest in the property without any interest therein from her husband; her mother and adult son already live there; and that property is not in foreclosure.

With respect to Sandra's driver's license, a person has 10 days to notify the New York State Department of Motor Vehicles after the person moves. N.Y. Veh. & Traf. Law § 505(5) (Consol. 2011). Sandra did not change the address on her driver's license until almost 45 days after the Petition Date and more than 60 days after she allegedly moved to the Jackson Heights Property in the middle of August of 2010. The address shown on a driver's license and the date of issuance of the driver's license are probative but not dispositive as to the Debtor's principal residence for purposes of claiming a homestead exemption. The Court cannot find that the November 8, 2010 issuance of Sandra's driver's license is proof that she only moved to Jackson Heights within 10 days prior of the issuance thereof. Although Sandra may have been in violation of New York state law regarding giving notice as to her change in address, this is insufficient evidence to support the Trustee's claim that Sandra did not reside at the Jackson

Heights Property as of the Petition Date. Given the facts and circumstances of this case, the Court can only find that Sandra's efforts to obtain a new driver's license, even if late, are consistent with her intention to make the Jackson Heights Property her principal residence.

Aside from the Mt. Sinai Property, the Jackson Heights Property is Sandra's only other place of residence. She has not evidenced any intention to reside permanently anywhere else other than the Jackson Heights Property. It is the purpose of the homestead exemption to protect the debtor-homeowner and his/her family members from losing their home as a result of economic adversity.

The Court commends the Trustee for trying to create an estate for the benefit of the Debtors' creditors as this is not a simple case where a debtor is claiming a homestead exemption with respect to a residence that is a vacation home or where the debtor is clearly not residing there. Here, Sandra has demonstrated that she resided at the Jackson Heights Property on the Petition Date and that she intended to make the Jackson Heights Property her permanent residence. While Sandra has not continuously resided at the Jackson Heights Property so that the children can attend school in the Mt. Sinai School District for as long as possible, the Trustee, however, has not shown that Sandra did not occupy the Jackson Heights Property on more of a regular basis than the Mt. Sinai Property or any other Property. If the Trustee had provided additional evidence, the Court may have found in favor of the Trustee. However, based upon the evidence before it, the Court must find that the Trustee has not shown by a preponderance of the evidence that the Jackson Heights Property is not Sandra's principal residence for purposes of N.Y. C.P.L.R. 5206(a).

## CONCLUSION

Therefore, based upon the foregoing, the Trustee's Motion objecting to Sandra's claim of a homestead exemption with respect to the Jackson Heights Property is denied.

So Ordered.



Dated: Central Islip, New York
June 20, 2011

Dorothy Eisenberg
United States Bankruptcy Judge